UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Case No. 1:01-cr-007 |
|  | ) |  |
| THOMAS LYNCH, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## OPINION AND ORDER

Before the Court is a motion by Defendant Thomas Lynch (Docket # 29), requesting that the Court reduce the amount of his wage garnishment. Plaintiff United States of America (the "Government") filed a response opposing Lynch's request (Docket # 33); Lynch failed to file a reply, and the time to do so has since passed. For the following reasons, Lynch's motion will be DENIED.

As background, on June 11, 2008, the Government filed an application for a Writ of Continuing Garnishment against Lynch's property as a result of a judgment against him owed to the Government, the nature of which is restitution. (Docket # 25.) As of that date, the outstanding balance of the debt was $40,662.82. (Docket # 27.) The Court entered a Writ of Continuing Garnishment against Lynch the next day. (*Id*.)

On July 24, 2008, Lynch filed the instant motion, requesting that the amount of his wage garnishment be reduced from twenty-five percent to ten percent. (Docket # 29.) He contends that if twenty-five percent of his wages are garnished, he cannot afford to pay his bills or buy his medications. (*Id*.) He further explains that he is the only source of income for his family and that

his wife "physically cannot work." (*Id.*)

In response to Lynch's motion, the Government elaborated that Lynch has made voluntary payments of only $1,450 since he was sentenced and ordered to pay $50,887.82 in restitution in November 2000, and that Lynch failed to make *any* payments in 2007. (Government's Am. Resp. to Def.'s Mot. to Reduce Wage Garnishment 1.) It emphasizes that the remainder of Lynch's payments were collected through garnishment remedies and U.S. Treasury offsets. (*Id.*) The Government further observed that Lynch appears to have some discretionary income, as the weekly wage statement he attached to his motion reflects four $50 miscellaneous deductions and a contribution to a 401-K plan.[1] (*Id.*; *see also* Docket # 28, 29.)

The Government's arguments are persuasive. Section 3205 of the Federal Debt Collection Procedures Act ("FDCPA") permits a court to issue a writ of garnishment against certain property of a debtor, including "nonexempt disposable earnings." 28 U.S.C. § 3205. The FDCPA defines "nonexempt disposable earnings" as "25 percent of disposable earnings." 28 U.S.C.§ 3002(9). Therefore, the Government's garnishment of twenty-five percent of Lynch's disposable earnings is in accordance with applicable law. Furthermore, the judgment against Lynch has been pending for almost eight years, and Lynch has made voluntary payments of only $1,450 since that time, making *no* payments in 2007.

Due to his poor payment history and that fact that he apparently has some discretionary

---

[1] Lynch's wage statement reflects that he had gross earnings of $808.94 for the weekly pay period and that the Government garnished $171.96 of that amount. (Docket # 29.)

income at his disposal, Lynch's motion to reduce the amount of his wage garnishment (Docket # 29) is DENIED.[2]

SO ORDERED.

Entered this 2nd day of September, 2008.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge

---

[2] Lynch also indicated in his filing that he "would like to request" that jurisdiction over him be transferred to the district where he currently resides. *See* 18 U.S.C. § 3605. If Lynch wishes to directly raise that point with the Court, he should discuss it with his supervising probation officer so that some initial determination (and possible investigation) can occur concerning whether such action is appropriate.